IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---

UNITED STATES OF AMERICA
c/o Department of Justice
Washington, D.C. 20530,
      Plaintiff,

v.

JAMES D. DONDERO,
c/o Highland Capital Management, L.P.
Two Galleria Tower
13455 Noel Road, Suite 1300
Dallas, Texas 75240,
      Defendant.

Civil Action No.

---

## COMPLAINT FOR CIVIL PENALTIES FOR FAILURE TO COMPLY WITH THE PREMERGER REPORTING REQUIREMENTS OF THE HART-SCOTT-RODINO ACT

The United States of America, Plaintiff, by its attorneys, acting under the direction of the Attorney General of the United States and at the request of the Federal Trade Commission, brings this civil action to obtain monetary relief in the form of civil penalties against the Defendant named herein for failing to comply with the premerger reporting requirements of the Hart-Scott-Rodino Antitrust Improvements Act of 1976, and alleges as follows:

### JURISDICTION AND VENUE

1. This Complaint is filed and these proceedings are instituted under Section 7A of the Clayton Act, 15 U.S.C. § 18a ("HSR Act" or "Act"), added by Title II of the Hart-Scott-Rodino Antitrust Improvements Act of 1976, to recover civil penalties for violation of that section.

2. This Court has jurisdiction over the Defendant and over the subject matter of this action pursuant to Section 7A(g) of the Clayton Act, 15 U.S.C. § 18a(g), and pursuant to 28 U.S.C. §§ 1331, 1337(a), 1345 and 1355.

3. Venue is properly based in this District by virtue of Defendant's consent, in the Stipulation relating hereto, to the maintenance of this action and entry of the Final Judgment in this District.

## THE DEFENDANT

4. Defendant James D. Dondero ("Dondero") is a natural person with his principal office and place of business at Two Galleria Tower, 13455 Noel Road, Suite 1300, Dallas, Texas 75240. Dondero is an investor with holdings in numerous companies. Dondero is engaged in commerce, or in activities affecting commerce, within the meaning of Section 1 of the Clayton Act, 15 U.S.C. § 12, and Section 7A(a)(1) of the Clayton Act, 15 U.S.C. § 18a(a)(1). At all times relevant to this complaint, Dondero had total assets in excess of $100 million.

## OTHER ENTITIES

5. Highland Capital Management, L.P. ("Highland") is a limited partnership organized under the laws of Delaware with its principal place of business at Two Galleria Tower, 13455 Noel Road, Suite 1300, Dallas, Texas 75240. For purposes of the HSR Act and Premerger Notification Rules, 16 C.F.R. Part 800 *et. seq.* ("HSR Rules" or "Rules"), Dondero is the ultimate parent entity of Highland.

6. Motient Corporation ("Motient") is a corporation organized under the laws of Delaware with its principal place of business at 12010 Sunset Hills Road, 6th Floor, Reston, VA

20190. Motient owns and operates two-way wireless communications businesses. At all times relevant to this complaint, Motient was engaged in commerce, or in activities affecting commerce, within the meaning of Section 1 of the Clayton Act, 15 U.S.C. § 12, and Section 7A(a)(1) of the Clayton Act, 15 U.S.C. § 18a(a)(1). At all times relevant to this complaint, Motient had total assets in excess of $10 million.

7. Neighborcare, Inc. ("Neighborcare") is a corporation organized under the laws of Pennsylvania, with its principal office and place of business at 601 East Pratt Street, Third Floor, Baltimore, MD 21202. Neighborcare operates retail and institutional pharmacies. Prior to December 2, 2003, Neighborcare was called Genesis Health Ventures, Inc. At all times relevant to this complaint, Neighborcare was engaged in commerce, or in activities affecting commerce, within the meaning of Section 1 of the Clayton Act, 15 U.S.C. § 12, and Section 7A(a)(1) of the Clayton Act, 15 U.S.C. § 18a(a)(1). At all times relevant to this complaint, Neighborcare had total assets in excess of $10 million.

## THE HART-SCOTT-RODINO ACT AND RULES

8. The HSR Act requires certain acquiring persons and certain persons whose voting securities or assets are acquired to file notifications with the Federal Trade Commission and the Department of Justice ("federal antitrust agencies") and to observe a waiting period before consummating certain acquisitions of voting securities or assets. 15 U.S.C. § 18a(a) and (b). The notification and waiting period are intended to give the federal antitrust agencies prior notice of, and information about, proposed transactions. The waiting period is also intended to provide the federal antitrust agencies with an opportunity to investigate proposed transactions and to

determine whether to seek an injunction to prevent the consummation of transactions that may violate the antitrust laws.

9. Pursuant to Section (d)(2) of the HSR Act, 15 U.S.C. § 18a(d)(2), Rules were promulgated to carry out the purposes of the HSR Act. 16 C.F.R. §§ 801-803. These Rules, among other things, define terms contained in the HSR Act.

10. Pursuant to the HSR Act, an acquiring person who meets the jurisdictional thresholds of the HSR Act must file the required notifications before acquiring in excess of $50 million, as adjusted annually beginning in 2005, of the voting securities of certain persons who meet the jurisdictional thresholds. Pursuant to the HSR Rules, all voting securities previously held are deemed to be held as a result of the acquisition at issue.

11. Section 7A(g)(1) of the Clayton Act, 15 U.S.C. § 18a(g)(1), provides that any person, or any officer, director, or partner thereof, who fails to comply with any provision of the HSR Act is liable to the United States for a civil penalty for each day during which such person is in violation. The maximum amount of civil penalty is $11,000 per day, pursuant to the Debt Collection Improvement Act of 1996, Pub. L. 104-134, § 31001(s) (amending the Federal Civil Penalties Inflation Adjustment Act of 1990, 28 U.S.C. § 2461 note), and Federal Trade Commission Rule 1.98, 16 C.F.R. § 1.98, 61 Fed. Reg. 54548 (Oct. 21, 1996).

## PRIOR ACQUISITIONS

### Acquisitions of Neighborcare Voting Securities

12. On August 26, 2003, Dondero, acting through Highland, acquired 31,000 shares of Neighborcare. As a result of that acquisition, Dondero held 2,744,682 shares of Neighborcare,

4

with a value calculated pursuant to Sections 801.10 and 801.13 of the HSR Rules, 16 C.F.R. § § 801.10 and 801.13, of approximately $52.3 million. Dondero was required by the HSR Act to submit a notification and observe the Act's waiting period before he made the August 26, 2003, acquisition of voting securities of Neighborcare. Neither Dondero nor Highland, on behalf of Dondero, filed a premerger notification under the HSR Act prior to the August 26, 2003, Neighborcare acquisition.

13. Highland continued to acquire shares of Neighborcare through March 2004. On March 23, 2004, Highland acquired 100,000 shares of Neighborcare voting securities. As a result of this transaction, Highland, and Dondero as the ultimate parent entity of Highland, held 4,781,883 shares of Neighborcare voting securities, with a value calculated pursuant to Sections 801.10 and 801.13 of the HSR Rules, 16 C.F.R. § § 801.10 and 801.13, of approximately $108.1 million. Neither Dondero nor Highland, on behalf of Dondero, filed a premerger notification under the HSR Act prior to the Neighborcare acquisitions described in this paragraph.

14. At the end of March, 2004, Highland discovered that the Neighborcare acquisitions violated the HSR Act. On April 23, 2004, Dondero made a notification to cover the Neighborcare acquisitions.

15. As part of the notification, Dondero outlined the steps Highland would take to ensure that such a violation did not occur in the future.

Acquisitions of Motient Voting Securities

16. In April 2002, Highland acquired 1,082,090 shares of voting securities of Motient in connection with a reorganization of Motient. In July 2002, Dondero was elected to the Board of Directors of Motient. From April 2004 to November 2004, Highland acquired additional shares of Motient. As of November 10, 2004, Highland, and Dondero as the ultimate parent entity of Highland, held 3,504,568 shares of Motient voting securities, with a value calculated pursuant to Sections 801.10 and 801.13 of the HSR Rules, 16 C.F.R. § § 801.10 and 801.13, of approximately $33 million.

VIOLATION

17. On December 13, 2004, Motient granted to each member of its board of directors, including Dondero, options to acquire 10,000 shares of Motient voting securities at an exercise price of $8.57 per share. The options were immediately exercisable and were scheduled to expire on December 13, 2014. In December 2004, the Internal Revenue Service adopted significant changes to its deferred compensation regulations that materially impacted the tax consequences of the options issued by Motient.

18. On February 10, 2005, Motient amended the terms of the options to provide that the options would vest in full on February 28, 2005, and expire on March 1, 2005.

19. Dondero exercised his options on February 28, 2005, acquiring 10,000 shares of Motient voting securities. Because of appreciation in the value of the shares he previously held, as a result of exercising the options Dondero held voting securities of Motient valued at approximately $94 million. Dondero was required by the HSR Act to submit a notification and

observe the Act's waiting period before he made the February 28, 2005, acquisition of voting securities of Motient. Neither Dondero nor Highland, on behalf of Dondero, filed a premerger notification under the HSR Act prior to the February 28, 2005, Motient acquisition.

20. On April 23, 2005, Dondero made a notification under the HSR Act to cover the February 28, 2005 Motient acquisition described above. The HSR Act waiting period for Defendant Dondero's February 28, 2005, acquisition of voting securities of Motient expired on May 28, 2005.

21. Dondero was in continuous violation of the HSR Act during the period beginning on February 28, 2005, when he acquired voting securities of Motient that resulted in his holding in excess of $50 million, and ending on May 28, 2005, when the waiting period expired.

## PRAYER

WHEREFORE, Plaintiff prays:

1. That the Court adjudge and decree that the February 28, 2005, acquisition by Defendant Dondero of voting securities of Motient was in violation of the HSR Act, 15 U.S.C. § 18a; and that Defendant Dondero was in violation of the HSR Act each day from February 28, 2005, through May 28, 2005.

2. That the Court order Defendant Dondero to pay to the United States an appropriate civil penalty as provided by the HSR Act, 15 U.S.C. § 18a(g)(1), the Debt Collection Improvement Act of 1996, Pub. L. 104-134, § 31001(s) (amending the Federal Civil Penalties Inflation Adjustment Act of 1990, 28 U.S.C. § 2461 note), and Federal Trade Commission Rule 1.98, 16 C.F.R. § 1.98, 61 Fed. Reg. 54548 (Oct. 21, 1996).

3. That the Court order such other and further relief as the Court may deem just and proper.

4. That the Court award the Plaintiff its costs of this suit.

Dated: ____May 21____, 2007.

FOR THE PLAINTIFF UNITED STATES
OF AMERICA:

_____
Thomas O. Barnett
Assistant Attorney General

Department of Justice
Antitrust Division
Washington, D.C. 20530

_____
Roberta S. Baruch
D.C. Bar No. 269266
Special Attorney

_____
Kenneth A. Libby
Special Attorney

Federal Trade Commission
Washington, D.C. 20580
(202) 326-2694

## CERTIFICATE OF SERVICE

I, Kenneth A. Libby, certify that on ___May 21___, 2007, the attached Complaint and Motion for Entry of Judgment, with exhibits, including a Stipulation and proposed Final Judgment, were served upon the parties by mailing a copy to the person listed below:

Veronica G. Kayne
Haynes and Boone, LLP
1615 L Street, NW
Suite 800
Washington, DC 20036-5610
Counsel for Defendant

Dated: ___May 21, 2007___

                                        _____
                                        Kenneth A. Libby, Esq.
                                        Special Attorney
                                        Department of Justice
                                        c/o Federal Trade Commission
                                        601 New Jersey Avenue, NW
                                        Room 5229
                                        Washington, D.C. 20580
                                        (202) 326-2694

A
07-931
ESH

JS-44
(Rev.1/05 DC)

# CIVIL COVER SHEET

## I (a) PLAINTIFFS

United States of America
c/o Department of Justice
Washington, DC 20530

110 cl

## DEFENDANTS

James D. Dondero
c/o Highland Capital Management, L.P.
13455 Noel Road, Suite 1300
Dallas, TX 75240

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** _____
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY) ___88888___
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**

Kenneth A. Libby, Special Attorney
Roberta S. Baruch, Special Attorney
Federal Trade Commission
601 New Jersey Avenue, NW
Washington, DC 20580

Case: 1:07-cv-00931
Assigned To : Huvelle, Ellen S.
Assign. Date : 5/21/2007
Description: Antitrus

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

⊙ 1 U.S. Government Plaintiff
○ 2 U.S. Government Defendant
○ 3 Federal Question (U.S. Government Not a Party)
○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES
FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

### ⊙ A. Antitrust
☒ 410 Antitrust

### ○ B. Personal Injury/Malpractice
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

### ○ C. Administrative Agency Review
☐ 151 Medicare Act

**Social Security:**
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
**Other Statutes**
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ○ D. Temporary Restraining Order/Preliminary Injunction

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### ○ E. General Civil (Other)   OR   ○ F. Pro Se General Civil

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ G. Habeas Corpus/ 2255 | ○ H. Employment Discrimination | ○ I. FOIA/PRIVACY ACT | ○ J. Student Loan |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ K. Labor/ERISA (non-employment) | ○ L. Other Civil Rights (non-employment) | ○ M. Contract | ○ N. Three-Judge Court |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☒ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

⦿ 1 Original Proceeding ○ 2 Removed from State Court ○ 3 Remanded from Appellate Court ○ 4 Reinstated or Reopened ○ 5 Transferred from another district (specify) ○ 6 Multi district Litigation ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
15 U.S.C. Section 18a. Complaint for civil penalties for failure to comply with the premerger reporting requirements of the Hart-Scott-Rodino Act.

**VII. REQUESTED IN COMPLAINT** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $ 250,000   JURY DEMAND: YES ☐ NO ☐   Check YES only if demanded in complaint

**VIII. RELATED CASE(S) IF ANY** (See instruction) YES ☐ NO ☒   If yes, please complete related case form.

DATE May 21, 2007   SIGNATURE OF ATTORNEY OF RECORD  Kenneth A. Libby

---

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I. COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

