IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA<br>c/o Department of Justice<br>Washington, D.C. 20530,<br>     Plaintiff,<br><br>v.<br><br>JAMES D. DONDERO,<br>c/o Highland Capital Management, L.P.<br>Two Galleria Tower<br>13455 Noel Road, Suite 1300<br>Dallas, Texas 75240,<br>     Defendant. | Civil Action No. |

## PLAINTIFF'S MOTION FOR ENTRY OF FINAL JUDGMENT

Plaintiff United States, having filed its Complaint in the above-captioned case, and having filed this date a Stipulation and proposed Final Judgment, hereby moves this Court for entry of a Final Judgment against defendant James D. Dondero ("Dondero"). By agreement of the parties, the Final Judgment provides for the payment of a civil penalty totaling $250,000 by defendant pursuant to Section 7A(g)(1) of the Clayton Act, 15 U.S.C. § 18a(g)(1).

**STATEMENT OF POINTS AND AUTHORITIES**

The Complaint in this action alleges that the defendant violated Title II of the Hart-Scott-Rodino Antitrust Improvements Act of 1976 ("HSR Act" or "Act"), Section 7A of the Clayton Act, 15 U.S.C. § 18a, which requires certain acquiring persons and certain persons whose voting securities or assets are to be acquired to file notification with the Department of Justice and the Federal Trade Commission and to observe a waiting period before consummating certain acquisitions of voting securities or assets. The Complaint alleges that the defendant was in continuous violation of the HSR Act each day during the period beginning on February 28, 2005, through May 28, 2005.  Under section (g)(1) of the Hart-Scott-Rodino Act, 15 U.S.C. § 18a(g)(1), any person who fails to comply with the Act shall be liable to the United States for a civil penalty of not more than $11,000 for each day during which such person is in violation of the Act.[1] Accordingly, the Complaint seeks "appropriate civil penalties." As the Stipulation and proposed Final Judgment state, the defendant has agreed to pay civil penalties totaling $250,000 within thirty days of entry of the Final Judgment.

The procedures of the Antitrust Procedures and Penalties Act ("APPA"), 15 U.S.C. § 16 (b)-(h), are not required in this action.  The APPA requires that any proposal for a "consent judgment" submitted by the United States in a civil case filed "under the antitrust laws" be filed with the court at least sixty days in advance of its effective date, published in the Federal Register and a newspaper for public comment, and reviewed by the court for the purpose of

---

[1] The maximum daily civil penalty, which had been $10,000, was increased to $11,000 for violations occurring on or after November 20, 1996, pursuant to the Debt Collection Improvement Act of 1996, Pub. L. 104-134 § 31001(s) and FTC Rule 1.98, 16 C.F.R. § 1.98, 61 Fed. Reg. 54548 (Oct. 21, 1996).

determining whether it is in the public interest. Key features of the APPA are preparation by the United States of a "competitive impact statement" explaining the proceeding and the proposed judgment, and the consideration by the court of the proposed judgment's competitive impact and its impact on the public generally as well as individuals alleging specific injury from the violation set forth in the complaint.

Because the Complaint seeks, and the Final Judgment provides for, only the payment of civil penalties, the procedures of the APPA are not required in this action. A consent judgment in a case seeking only monetary penalties is not the type of "consent judgment" contemplated by the APPA. Civil penalties are intended to penalize a defendant for violating the law, and, unlike injunctive relief, have no "competitive impact," and no effect on other persons or on the public generally, within the context of the APPA. The legislative history of the APPA does not contain any indication that Congress intended to subject settlements of civil penalty actions to its competitive impact review procedures. No court to date has required use of APPA procedures in cases involving only the payment of civil penalties.[2]

---

[2] *See, e.g., United States v. Manulife Fin. Corp.*, 2004-1 Trade Cas. (CCH) ¶ 74,426 (D.D.C.); *United States v. The Hearst Trust*, 2001-2 Trade Cas. (CCH) ¶ 73,451 (D.D.C.); *United States v. Input/Output et al.*, 1999-1 Trade Cas. (CCH) ¶ 24,585 (D.D.C.); *United States v. Blackstone Capital Partners II Merchant Banking Fund et al.*, 1999-1 Trade Cas. (CCH) ¶ 72,484 (D.D.C.). In each case, the United States noted the issue in a motion for entry of judgment, explaining that the APPA did not apply.

For the above reasons, the United States asks the Court to enter the Final Judgment in this case.

Dated: May 21, 2007

Respectfully submitted,

FOR PLAINTIFF UNITED STATES

_____
KENNETH A. LIBBY

ROBERTA S. BARUCH (D.C. Bar # 269266)

Special Attorneys
U.S. Department of Justice
c/o Federal Trade Commission
601 New Jersey Avenue, N.W., Room 5229
Washington, DC 20580
Telephone: (202) 326-2694
Facsimile: (202) 326-3396

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA
c/o Department of Justice
Washington, D.C. 20530,
                    Plaintiff,

v.

JAMES D. DONDERO,
c/o Highland Capital Management, L.P.
Two Galleria Tower
13455 Noel Road, Suite 1300
Dallas, Texas 75240,
                    Defendant.

Civil Action No.

## FINAL JUDGMENT

Plaintiff, the United States of America ("United States"), having commenced this action by filing its Complaint herein for violation of Section 7A of the Clayton Act, 15 U.S.C. § 18a, commonly known as the Hart-Scott-Rodino Antitrust Improvements Act of 1976, and Plaintiff and Defendant, James D. Dondero, by their respective attorneys, having consented to the entry of this Final Judgment without trial or adjudication of any issue of fact or law herein and without this Final Judgment constituting any evidence against or an admission by the Defendant with respect to any such issue:

Now, therefore, before the taking of any testimony and without trial or adjudication of any issue of fact or law herein, and upon the consent of the parties hereto, it is hereby

Ordered, Adjudged, and Decreed as follows:

I.

The Court has jurisdiction of the subject matter of this action and of the Plaintiff and the Defendant. The Complaint states a claim upon which relief can be granted against the Defendant under Section 7A of the Clayton Act, 15 U.S.C. § 18a.

II.

Judgment is hereby entered in this matter in favor of Plaintiff United States of America and against Defendant, and, pursuant to Section 7A(g)(1) of the Clayton Act, 15 U.S.C. § 18a(g)(1), the Debt Collection Improvement Act of 1996, Pub. L. 104-134 § 31001(s) (amending the Federal Civil Penalties Inflation Adjustment Act of 1990, 28 U.S.C. § 2461), and Federal Trade Commission Rule 1.98, 16 C.F.R. § 1.98, 61 Fed. Reg. 54549 (Oct. 21, 1996), Defendant James D. Dondero is hereby ordered to pay a civil penalty in the amount of $250,000. Payment of the civil penalty ordered hereby shall be made by wire transfer of funds to the United States Treasury through the Treasury Financial Communications System or by cashier's check made payable to the Treasurer of the United States and delivered to Chief, FOIA Unit, Antitrust Division, Department of Justice, Liberty Place, Suite 200, 325 7th Street, NW, Washington, D.C., 20530. Defendant shall pay the full amount of the civil penalty within thirty (30) days of entry of this Final Judgment. In the event of a default in payment, interest at the rate of eighteen (18) percent per annum shall accrue thereon from the date of default to the date of payment.

III.

Each party shall bear its own costs of this action.

IV.

Entry of this Final Judgment is in the public interest.

Dated: _____, 2007.

_____
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br>c/o Department of Justice<br>Washington, D.C. 20530,<br>                       Plaintiff,<br><br>  v.<br><br>JAMES D. DONDERO,<br>c/o Highland Capital Management, L.P.<br>Two Galleria Tower<br>13455 Noel Road, Suite 1300<br>Dallas, Texas 75240,<br>                       Defendant. | Civil Action No. |

## STIPULATION

It is stipulated by and between the undersigned parties, by their respective attorneys, that:

(1) the parties consent that the Court may file and enter a Final Judgment in the form attached to this Stipulation, on the Court's own motion or on the motion of any party at any time, and without further notice to any party or other proceedings, if Plaintiff has not withdrawn its consent, which it may do at any time before the entry of judgment by serving notice of its withdrawal on Defendant James D. Dondero and filing that notice with the Court;

(2) Defendant James D. Dondero waives any objection to venue or jurisdiction for purposes of this Final Judgment and authorizes Veronica G. Kayne of Haynes and Boone, LLP to accept service of all process in this matter on his behalf; and

(3) in the event Plaintiff withdraws its consent or if the proposed Final Judgment is not entered pursuant to this Stipulation, this Stipulation shall be of no effect whatever and the making of this Stipulation shall be without prejudice to any party in this or any other proceeding.

Dated: May 21, 2007

**FOR THE DEFENDANT:**

Veronica G. Kayne
D.C. Bar No. 358510
Haynes and Boone, LLP
1615 L Street, NW
Suite 800
Washington, DC 20036-5610
Counsel for Defendant

**FOR THE PLAINTIFF:**

Thomas O. Barnett
Assistant Attorney General

Jeffrey Schmidt
D.C. Bar No. 416716
Director

Roberta S. Baruch
D.C. Bar No. 269266
Deputy Assistant Director

Kenneth A. Libby
Attorney

Department of Justice
Antitrust Division
Washington, D.C. 20530
(202) 514-2401

Bureau of Competition
Federal Trade Commission
6th Street and Pennsylvania Ave., N.W.
Washington, D.C. 20580
(202) 326-2694

2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br>c/o Department of Justice<br>Washington, D.C. 20530,<br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>JAMES D. DONDERO,<br>c/o Highland Capital Management, L.P.<br>Two Galleria Tower<br>13455 Noel Road, Suite 1300<br>Dallas, Texas 75240,<br>　　　　　　　　　Defendant. | Civil Action No. |

## FINAL JUDGMENT

Plaintiff, the United States of America ("United States"), having commenced this action by filing its Complaint herein for violation of Section 7A of the Clayton Act, 15 U.S.C. § 18a, commonly known as the Hart-Scott-Rodino Antitrust Improvements Act of 1976, and Plaintiff and Defendant, James D. Dondero, by their respective attorneys, having consented to the entry of this Final Judgment without trial or adjudication of any issue of fact or law herein and without this Final Judgment constituting any evidence against or an admission by the Defendant with respect to any such issue:

Now, therefore, before the taking of any testimony and without trial or adjudication of any issue of fact or law herein, and upon the consent of the parties hereto, it is hereby

Ordered, Adjudged, and Decreed as follows:

I.

The Court has jurisdiction of the subject matter of this action and of the Plaintiff and the Defendant. The Complaint states a claim upon which relief can be granted against the Defendant under Section 7A of the Clayton Act, 15 U.S.C. § 18a.

II.

Judgment is hereby entered in this matter in favor of Plaintiff United States of America and against Defendant, and, pursuant to Section 7A(g)(1) of the Clayton Act, 15 U.S.C. § 18a(g)(1), the Debt Collection Improvement Act of 1996, Pub. L. 104-134 § 31001(s) (amending the Federal Civil Penalties Inflation Adjustment Act of 1990, 28 U.S.C. § 2461), and Federal Trade Commission Rule 1.98, 16 C.F.R. § 1.98, 61 Fed. Reg. 54549 (Oct. 21, 1996), Defendant James D. Dondero is hereby ordered to pay a civil penalty in the amount of $250,000. Payment of the civil penalty ordered hereby shall be made by wire transfer of funds to the United States Treasury through the Treasury Financial Communications System or by cashier's check made payable to the Treasurer of the United States and delivered to Chief, FOIA Unit, Antitrust Division, Department of Justice, Liberty Place, Suite 200, 325 7th Street, NW, Washington, D.C., 20530. Defendant shall pay the full amount of the civil penalty within thirty (30) days of entry of this Final Judgment. In the event of a default in payment, interest at the rate of eighteen (18) percent per annum shall accrue thereon from the date of default to the date of payment.

III.

Each party shall bear its own costs of this action.

IV.

Entry of this Final Judgment is in the public interest.

Dated: _____, 2007.

_____
United States District Judge

3